UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA　　　　)
　　　　　　　　　　　　　　　　　)　　Case No. 1:22-cr-081-CEA-SKL-1
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
EALION LEE LANCE　　　　　　　　)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on January 9, 2024.

At the hearing, defendant moved to withdraw his not guilty plea to Count Five and Count Six of the six-count Indictment and entered a plea of guilty to the lesser included offense of the charge in Count Five of the Indictment, that is, possession with intent to distribute methamphetamine (actual), in violation of Title 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C) and to Count Six in exchange for the undertakings made by the government in the written plea agreement [Doc. 43]. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Count Five and Count Six of the Indictment be granted, his plea of guilty to the lesser included offense of the charge in Count Five of the Indictment, that is, possession with intent to distribute methamphetamine (actual), in violation of Title 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C) and to

Count Six be accepted, the Court adjudicate defendant guilty of the charges set forth in the lesser included offense of the charge in Count Five of the Indictment, that is, possession with intent to distribute methamphetamine (actual), in violation of Title 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C) and to Count Six, and a decision on whether to accept the plea agreement [Doc. 43] be deferred until sentencing. I further **RECOMMEND** defendant remain in custody until sentencing in this matter or further court proceedings. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

      **ENTER**.

s/ _Susan K. Lee_

SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. <u>See</u> 28 U.S.C. §636(b).